IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JARED HOLLINGS and EDRENA BELL, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br>vs.<br><br>BOSE CORPORATION,<br><br>        Defendant. | Case No. _____<br><br>State Court Case No. 2022-CH-05524 |

## NOTICE OF REMOVAL OF BOSE CORPORATION

Defendant Bose Corporation ("Defendant" or "Bose"), by and through its counsel, Blank Rome LLP, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, 1453, and 1711, and the Local Rules of the U.S. District Court for the Northern District of Illinois (the "Local Rules"), hereby removes this action from the Circuit Court of Cook County, Illinois ("State Court"), to the U.S. District Court for the Northern District of Illinois, Eastern Division. In support thereof, Defendant states as follows:

## BACKGROUND

1. Defendant exercises its rights under the provisions of 28 U.S.C. §§ 1331, 1332, 1441, and 1446 to remove this case from the State Court where this case is pending under the name and style of *Jared Hollings et al. v. Bose Corporation*, Case No. 2022-CH-05524.

2. 28 U.S.C. § 1441(a) provides any civil action brought in a state court of which the district courts of the United States have original jurisdiction may be removed to the U.S. district court for the district and division embracing the place where such action is pending.

3. This is a civil action instituted in the State Court that has not been tried.

4. On June 8, 2022, Plaintiffs Jared Hollings and Edrena Bell (collectively "Plaintiffs") filed their original *Class Action Complaint* (the "Complaint") in the State Court. A true and correct copy of the available file, including the Complaint, **Exhibit A**, is attached hereto.

5. Defendant received a copy of the Summons and Complaint on July 14, 2022; this Notice is thus timely under 28 U.S.C. §§ 1446(b) and 1453.

6. As more fully set forth below, this case is properly removed to this Court under 28 U.S.C. § 1441 because this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d)(2), in that Plaintiffs' action constitutes a class action—as defined in 28 U.S.C. § 1332(d)(1)(B)—pursuant to the Class Action Fairness Act, codified at 28 U.S.C. §§ 1332(d) and 1453 ("CAFA").

## SUBJECT MATTER JURISDICTION

### THIS CLASS ACTION IS REMOVABLE UNDER THE CLASS ACTION FAIRNESS ACT, 28 U.S.C. §§ 1332(d), 1453

7. CAFA, 28 U.S.C. § 1332(d), was enacted "to facilitate adjudication of certain class actions in federal court." *See Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014). Accordingly, CAFA expands jurisdiction for diversity class actions by creating federal subject matter jurisdiction if: (1) a class has 100 or more class members; (2) at least one class member is diverse from at least one defendant (*i.e.,* "minimal diversity"); and (3) there is more than $5 million, exclusive of interest and costs, in controversy in the aggregate. *See* 28 U.S.C. § 1332(d); *see also Roppo v. Travelers Commer. Ins. Co.*, 869 F.3d 568, 578 (7th Cir. 2017).

8. As set forth below, this Court has subject matter jurisdiction pursuant to CAFA Section 1332(d)(2) because: (1) this case is a class action as defined in 28 U.S.C. § 1332(d)(1)(B); (2) at least one member of the putative class is a citizen of a state different from any defendant; and (3) there is more than $5 million, exclusive of interest and costs, in controversy in the aggregate. Because all three requirements have been met, removal is appropriate.

**I.      The Minimal Diversity of Citizenship Requirement is Satisfied.**

9.     At the time Plaintiffs commenced this action against Defendant in State Court, and now at the time of removal, there was and is minimal diversity of citizenship as contemplated by Section 1332(d)(2)(A) of CAFA.

10.    CAFA provides that the minimal diversity requirement is met if any member of a class of plaintiffs is a citizen of a state different from any defendant. 28 U.S.C. § 1332(d)(2)(A). This requirement is met here, as Defendant is a citizen of a different state than the named Plaintiffs.

11.    The Complaint identifies the named Plaintiffs as citizens of Illinois. Ex. A1 ¶ 1.

12.    The Complaint also identifies Defendant as being incorporated in Delaware. *Id.* ¶ 2.  Defendant's principal place of business is in Massachusetts. *Id.*

13.    For purposes of diversity citizenship under 28 U.S.C. §§ 1332(a) and (d), Defendant is a citizen of a state other than the state of Illinois.

14.    As a citizen of Massachusetts and Delaware, Defendant is a citizen of a state other than the state of citizenship of at least one named Plaintiff identified in the Complaint; accordingly, diversity of citizenship is established under 28 U.S.C. § 1332(d)(2)(A).

**II.     The Amount in Controversy Requirement Under CAFA is Satisfied Because the Aggregate Amount in Controversy Exceeds $5,000,000.**

15.    Under CAFA, the claims of the individual plaintiffs in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000. *See* 28 U.S.C. §§ 1332(d)(6), (d)(11).

16.    The "party seeking removal does not need to establish what damages the plaintiff will recover, but only how much is ***in controversy*** between the parties.  A removing defendant need not confess liability in order to show that the controversy exceeds the threshold." *Roppo*, 849 F.3d at 579 (citing *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008)) (emphasis added).

17. Here, Plaintiffs' claims meet the jurisdictional threshold set forth in Section 1332(d)(6) in that, if awarded, the aggregate amount of the damages and other relief sought by the putative class would exceed $5,000,000, exclusive of interest and costs.

18. Where, as here, a complaint fails to plead a specific amount of damages or disclaims an amount of damages in excess of $5,000,000, the party seeking removal need only make a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee*, 135 S. Ct. at 554.

19. A party seeking to remove under CAFA must establish the amount in controversy by showing "a reasonable probability that the stakes exceed the minimum." *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005). "Once the proponent of jurisdiction has set out the amount in controversy, only a 'legal certainty' that the judgment will be less forecloses federal jurisdiction." *Id.* at 448-49 (citing *Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283 (1938)).

20. CAFA's legislative history makes clear that doubts regarding the maintenance of class actions in state or federal court should be resolved in favor of federal jurisdiction. *See, e.g.*, S. Rep. No. 109-14, at *43, as reprinted in 2005 WL 627977 ("[o]verall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions"); *see also Dart Cherokee*, 135 S. Ct. at 550 ("no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court").

21. The Complaint seeks relief for purported violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1 *et seq*. ("BIPA"). *See* Ex. A1 ¶¶ 75-102.

22. Plaintiffs specifically allege Defendant violated BIPA via the use of Defendant's Virtual Try-On feature, which purportedly collected Plaintiffs' (and putative class members')

4

facial biometrics without first: (a) obtaining consent to use their biometrics; and (b) informing them in writing of the purpose of capturing, collecting, or otherwise obtaining their biometrics and the length of time Defendant would collect, store, and use their biometrics. *Id.* ¶¶ 15-16; 22-28; 84.

23. Plaintiffs seek an award of "liquidated damages of $1,000 per negligent violation, $5,000 per willful or reckless violation, or actual damages, whichever is greater" for "each violation of BIPA," as well as "reasonable attorneys' fees and costs. *Id.* ¶ 88; p.17 at D-E.

24. Lastly, the Complaint also seeks injunctive relief ordering "Defendant to publicly disclose a written policy establishing any specific purpose and length term" concerning Defendant's alleged collection of biometrics, to comply with BIPA going forward, and to disclose to Plaintiffs and Class members whether Defendant has retained or destroyed their biometrics, and whether Defendant has disseminated, sold, leased traded, or profited from their biometrics. *Id.* ¶¶ 91-96.

25. As a threshold matter, a removing defendant may aggregate all claims to determine the total amount in controversy. *See* 28 U.S.C. § 1332(d)(6) (under CAFA, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds $5,000,000, exclusive of interest and costs).

26. The Complaint does not disclaim an amount in controversy in excess of $5,000,000.

27. BIPA provides for liquidated damages of $1,000 for each negligent violation. 740 ILCS 14/20(1). In addition, BIPA also provides for liquidated damages of $5,000 for each intentional or reckless violation. 740 ILCS 14/20(2).

28. Here, Plaintiffs allege that Defendant collected, captured stored or otherwise obtained Plaintiffs biometric identifiers without (1) "informing Plaintiffs and the Class (including,

5

where applicable, their legal authorized representatives), in writing, that the biometric identifiers or biometric information were being obtained, collected, captured, and/or stored;" (2) "informing Plaintiffs and the Class (including, where applicable, their legal authorized representatives), in writing, of the specific purpose and length of term for which the biometric identifiers or biometric information were being collected, stored, and used; and (3) "receiving a written release executed by Plaintiffs and/or Class members and executed by Plaintiffs and/or Class members." *Id*. ¶ 84. Plaintiffs also claim that Defendant "failed to make [a biometric data retention] policy available to Plaintiffs and other class-members and that Defendant "unlawfully profited" from Plaintiffs' and other class members' biometric identifiers." *Id.* ¶¶ 83, 85, 87. These allegations, in conjunction with Plaintiffs' Prayer for Relief under 740 ILCS 14/20(2), demonstrate Plaintiffs are seeking the greater of actual damages or $5,000 for each alleged BIPA violation.

29. Plaintiffs also seek to represent a class of "[a]ll persons who had their biometric identifiers, facial geometry, faceprints, or facial data captured, collected, or received by Defendant while residing in Illinois from five years preceding the date of filing of this action through the date a class is certified in this action." Ex. A1 ¶ 70. The initial investigation conducted by the undersigned indicates at least 1,000 unique individuals located in Illinois may have used Defendant's Virtual Try-On feature between September 9, 2021 (when the feature was first made available) and the date the Declaration attached hereto was executed. *See* Ex. B ¶ 7. Accordingly, for purposes of CAFA aggregation[1], there are at least 1,000 members of the putative class alleged by Plaintiffs. Therefore, the aggregate amount of liquidated damages for all individuals in the putative class, each at $5,000 or more, exceeds $5 million.

---

[1] Defendant makes this representation with respect to CAFA removal only and does not concede the putative class size the for purposes of numerosity under Rule 23 of the Federal Rules of Civil Procedure. Further, Defendant also does not concede that it can identify each putative class member.

30. In addition, Plaintiffs seek an award of "reasonable attorneys' fees and costs incurred in this litigation." Ex. A1. at p. 17, 21.

31. Together, by joining their claims in one action, Plaintiffs and their purported class have placed in controversy at least $5,000,000 in damages.

32. The $5,000,000 amount in controversy threshold is thus satisfied for purposes of 28 U.S.C. § 1332(d)(6).

**PLAINTIFFS HAVE ALLEGED CONCRETE, MATERIAL HARMS
SUFFICIENT TO ESTABLISH ARTICLE III STANDING**

33. Defendant bears the burden of establishing this Court has jurisdiction. *Tri-State Water Treatment, Inc. v. Bauer*, 845 F.3d 350, 352-53 (7th Cir. 2017) (explaining "the party seeking removal . . . bears the burden of establishing federal jurisdiction"). Article III standing is a component of the jurisdictional analysis. *Collier v. SP Plus Corp.*, 889 F.3d 894, 896 (7th Cir. 2018) ("As the party invoking federal jurisdiction, [defendant] had to establish that all elements of jurisdiction—including Article III standing—existed at the time of removal.").

34. For a defendant to establish plaintiff has Article III standing, a defendant must demonstrate plaintiff alleges an injury-in-fact that was caused by defendant and that is redressable by this Court. *Groshek v. Time Warner Cable, Inc.*, 865 F.3d 884, 886 (7th Cir. 2017) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)) ("The 'irreducible constitutional minimum of standing' consists of three elements: injury-in-fact, causation, and redressability.").

35. For an injury to qualify as an injury-in-fact, it must be "concrete and particularized" and "actual and imminent, not conjectural or hypothetical." *Spokeo, Inc. v. Robbins*, 136 S. Ct. 1540, 1548 (2016); *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 210 L. Ed. 2d 568, 595 (2021) ("No concrete harm, no standing.").

7

36. Here, Plaintiffs have alleged the type of "concrete" injury-in-fact that courts within the Seventh Circuit have held sufficiently confer Article III standing in BIPA cases.[2]

37. The Seventh Circuit addressed the question of Article III standing in the context of BIPA in *Bryant v. Compass Group USA, Inc.*, 958 F.3d 617 (7th Cir. 2020). There, the Seventh Circuit held the failure to provide notice and/or obtain consent prior to the collection of biometric information or biometric identifiers both inflict a personal privacy injury sufficient to establish the Article III "injury-in-fact" prong of the standing analysis for Section 15(b) claims. *Id.* at 626.

38. Here, Plaintiffs claim Defendant violated Section 15(b) by failing to obtain written releases as required by Section 15(b)(3), and by failing to inform Plaintiffs and the Class in writing of the information required to be disclosed under Section 15(b)(1) and (2). *See* Ex. A1 ¶¶ 28, 55-57; 84.

39. Thus, based on the allegations in the Complaint, Plaintiffs have alleged the existence of a "concrete" injury-in-fact sufficient to confer Article III standing in this Court as it relates to Plaintiffs' BIPA Section 15(b) claim against Defendant in this case.

## **PROCEDURAL COMPLIANCE**

40. In accordance with the requirements of 28 U.S.C. § 1446(b), a Notice of Removal should be filed within thirty (30) days after service of the Summons and Complaint on a defendant.

41. Here, a copy of the Summons and Complaint was served July 14, 2022. Ex. A2.

42. Pursuant to 28 U.S.C. § 1441 *et seq.*, the right exists to remove this case from the State Court to the U.S. District Court for the Northern District of Illinois, which embraces the place where the action is currently pending.

---

[2] As before, this discussion of injury is limited to whether Plaintiff has alleged an injury-in-fact sufficient to confer Article III jurisdiction. Defendant hereby contests that Plaintiff has suffered an "actual injury"—or is an "aggrieved party" under BIPA—and reserves the right to raise such an argument at a later date.

8

43. The U.S. District Court for the Northern District of Illinois, Eastern Division embraces the county in which the State Court action is now pending (*i.e.*, Cook County); thus, this Court is a proper venue for this action pursuant to 28 U.S.C. § 93(a)(1).

44. No previous application has been made for the relief requested herein.

45. Pursuant to the provisions of 28 U.S.C. § 1446(a), attached hereto are copies of all process, pleadings, and orders served upon Defendant, including the *Class Action Complaint*, bearing case number 2022CH05524, filed in the Circuit Court of Cook County, Illinois (*see* **Exhibit A**, attached).

46. Written notice of the filing of this Notice of Removal will be served upon counsel for Plaintiffs as required by law.

47. A true and correct copy of this Notice of Removal will be filed with the clerk of the State Court, as required by law, and served upon counsel for Plaintiffs.

          Respectfully submitted,

**DATED**: August 11, 2022    **BLANK ROME LLP**

*s/ Jeffrey N. Rosenthal*
Jeffrey N. Rosenthal
One Logan Square
130 North 18th Street
Philadelphia, PA 19103
Tel.: (215) 569-5553
Fax: (215) 832-5533
Email: jeffrey.rosenthal@blankrome.com

Amanda M. Noonan
444 W. Lake Street, Suite 1650
Chicago, IL 60606
Tel.: (312) 776-2537
Fax: (312) 896-9181
Email: amanda.noonan@blankrome.com

Ana Tagvoryan
2029 Century Park East, Sixth Floor

9

                                                Los Angeles, CA 90067
                                                Tel.: (424) 239-3465
                                                Fax: (424) 239-3690
                                                Email: ana.tagvoryan@blankrome.com

                                                *Attorneys for Defendant,*
                                                *Bose Corporation*

165226.00601/129299702v.1

## **CERTIFICATE OF SERVICE**

I, Jeffrey N. Rosenthal, hereby certify that, on August 11, 2022, I electronically filed the foregoing Notice of Removal of Defendant Bose Corporation with the Court via the ECF System, it is available for viewing and downloading from the ECF system, and a true and correct copy was served to all counsel of record registered with the ECF system.

**BLANK ROME LLP**

*s/ Jeffrey N. Rosenthal*
Jeffrey N. Rosenthal

*Attorney for Defendant,
Bose Corporation*

**EXHIBIT INDEX**

| Exhibit | Description |
|---|---|
| A | State Court File |
| A1 | Complaint |
| A2 | Summons & Proof of Service |
| A3 | Rule 222(b) Affidavit |
| A4 | Plaintiffs' Motion for Class Certification |
| A5 | Defendant's Entry of Appearance |
| B | Declaration of Justin Schwenk, Senior Web Developer |