IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JARED HOLLINGS and EDRENA BELL, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, <br><br> *Plaintiffs*, <br><br> v. <br><br> BOSE CORPORATION, <br><br> *Defendant*. | Case No.: 1:22-cv-04250 |

# JOINT INITIAL STATUS REPORT

Plaintiffs Jared Hollings and Endrena Bell (collectively, "Plaintiffs") on behalf of themselves and all other Plaintiffs similarly situated, and Defendant Bose Corporation ("Defendant") (collectively the "Parties"), submit this Joint Initial Status Report to the Court:

**1.   The Nature of the Case**

   A.   **Attorneys of Record:**

The attorneys of record for the Plaintiff and the Putative Class are:

Brandon Wise
Adam Florek
PEIFFER WOLF CARR KANE CONWAY & WISE, LLP
818 Lafayette Ave, Floor 2
St. Louis, Mo 63104
P: (314) 833-4825
E: bwise@peifferwolf.com
E: aflorek@peifferwolf.com

Gary Klinger
MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC
227 W. Monroe Street
Suite 2100

The attorneys of record for the Defendant are:

Jeffrey N. Rosenthal
Ana Tagvoryan
Amanda Noonan
BLANK ROME LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103
P: (215) 569-5553
E: jeffrey.rosenthal@blankrome.com
E: ana.tagvoryan@blankrome.com
E: amanda.noonan@blankrome.com

Chicago, IL 60606
P: (866) 252-0878
E: glkinger@milberg.com

B. **Nature of the Claims and Defenses:** Plaintiffs assert claims for violations of the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, *et seq.* alleging that Defendant allegedly collected Plaintiffs' biometric information without their consent.

C. **Anticipated Legal and Factual Issues:**

(i) Whether the Defendant violated the BIPA;

(ii) Whether the Virtual Try-On Technology at issue falls under BIPA's health care exemption;

(iii) Whether this matter should be stayed pending certain appeals currently proceeding in the Illinois state and federal courts regarding the applicable statute of limitations and accrual of BIPA claims;

(iv) Whether Plaintiffs' claims are suitable for class treatment; and

(v) The amount of Plaintiffs' and Class Members' alleged damages.

D. **Relief Sought by Plaintiffs:** Plaintiffs seek statutory damages, attorneys' fees and costs, interest, and any other relief available under the BIPA.

2. **Jurisdiction:**

A. On August 11, 2022, Defendant timely removed this action from the Circuit Court of Cook County to this Court based 28 U.S.C. §§ 1332, 1441, 1446, 1453, 1711, and the Local Rules of the U.S. District Court for the Northern District of Illinois (the "Local Rules"), as Defendant asserts that the BIPA claims of Plaintiffs and of most of the putative class members in this matter are preempted by the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d) and 1453, and CAFA expands jurisdiction for diversity class actions by creating federal subject matter jurisdiction if: (1) a

Class has 100 or more class members; (2) at least one class member is diverse from at least one defendant (*i.e.*, "minimal diversity"); and (3) there is more than $5 million, exclusive of interest and costs, in controversy in the aggregate.

**3.     Status of Service:**     Defendant has been served.

**4.     Consent to Proceed Before a Magistrate Judge:** The Parties do not consent to proceed before the Magistrate Judge at this time.

**5.     Pending Motions:**

None at this time. Defendant anticipates filing a Motion to Dismiss based on, among other things, the application of BIPA's health care exemption on or before October 19, 2022. Defendant requests discovery be stayed pending this Court's adjudication of this Motion to Dismiss—which may be dispositive of Plaintiffs' entire claim. In the event this Court agrees to stay discovery during the pendency of Defendant's Motion to Dismiss, Defendant respectfully requests that the Parties file a revised status report upon the Court's ruling—in lieu of setting discovery deadlines at this stage.

In the alternative, and assuming the Court is not inclined to dismiss this action, Defendant also anticipates filing a motion to stay pending certain appeals currently proceeding in the Illinois state/federal courts regarding the applicable statute of limitations and the accrual of BIPA claims.

**6.     Proposed Case Plan**

**A. Plaintiff's Proposed Plan:**

Given Defendant's anticipated motion to dismiss, Plaintiff proposes the following case schedule:

      i. Rule 26(a)(1) disclosures shall be served by**: January 6, 2023**.

     ii. First discovery requests shall be issued on: **February 10, 2023**.

    iii. Fact discovery completion date: **October 20, 2023**.

    iv. Experts:

Plaintiff proposes that expert reports shall be co-extensive with each Parties' class certification briefing. For example, any expert designated by Plaintiff shall be at the time of their Motion for Class Certification, if any.

Defendant shall disclose any experts related to class certification on the same date as its Opposition to Class Certification.

Plaintiff shall disclose any rebuttal reports related to class certification on the same date as its Reply in Support of Motion for Class Certification.

    v. Dispositive motions shall be set after the Motion for Class Certification is ruled upon.

    vi. Any amendments to the pleadings or joining of parties shall be by **October 27, 2023**.

    vii. Class Certification motion shall be filed on **February 16, 2024**. Defendant's Opposition to Class Certification, which will include time to depose any of Plaintiff's experts, shall be [60 days later]. Plaintiff's Reply, which will include time to depose any Defendant's experts, shall be [60 days later].

**B. Defendant's Proposed Plan:**

Defendant respectfully requests discovery deadlines be postponed until the Court issues a ruling on its forthcoming Motion to Dismiss. If the Court is inclined to enter a discovery schedule at this stage, Defendant respectfully requests bifurcating discovery between a threshold and case dispositive question and all other fact, expert, or class-wide discovery. This case presents threshold questions of: (1) Whether Defendant collects, captures, possesses, obtains, or stores any biometric data generated from the Virtual Try-On ("VTO") tool offered on its website, and (2), Whether the VTO technology itself collects, captures, possesses, obtains, or stores "biometric identifiers" (as defined in BIPA); and

4

is therefore subject to BIPA (collectively, the "VTO Question"). Defendant accordingly proposes the following bifurcated schedule:

a. Rule 26(a)(1) disclosures shall be served by **January 6, 2023**;

b. First Discovery Requests as to the VTO Question shall be issued on **February 10, 2023**;

c. Fact Discovery completion date as to the VTO Question: **September 20, 2023**;

d. Plaintiff shall disclose experts as to the VTO Question by **October 3, 2023**;

e. The close of expert discovery relating to the VTO Question: **November 20, 2023**; and

f. The deadline for filing Dispositive Motions regarding the VTO Question shall be **January 20, 2024**.

7. **Status of Settlement Discussions**

   A. The Parties are exploring the possibility of early resolution.

   B. The Parties do not request a settlement conference at this time.

Dated: September 27, 2022

Respectfully submitted,

/s/ Brandon Wise
Brandon Wise
Adam Florek
Peiffer Wolf Carr Kane Conway & Wise, LLP
818 Lafayette Ave, Floor 2
St. Louis, Mo 63104
bwise@peifferwolf.com
aflorek@peifferwolf.com

Gary Klinger
Milberg Coleman Bryson Phillips
Grossman, PLLC
227 W. Monroe Street
Suite 2100
Chicago, IL 60606
**ATTORNEYS FOR PLAINTIFF**

/s/ Jeffrey N. Rosenthal
Jeffrey N. Rosenthal
Ana Tagvoryan
Amanda Noonan
Blank Rome LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103
P: (215) 569-5553
E: jeffrey.rosenthal@blankrome.com
E: ana.tagvoryan@blankrome.com
E: amanda.noonan@blankrome.com
**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

      I hereby certify that on this date, I filed the foregoing document with the clerk of the Court using the Court's ECF system, which should further distribute a true and accurate copy of the foregoing to all counsel of record.

                                            */s/ Jeffrey N. Rosenthal*
                                            Jeffrey N. Rosenthal